IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTAULIC COMPANY<br>4901 Kesslersville Road<br>Easton, PA 18044-0031<br><br>Plaintiff<br><br>v.<br><br>THE VIKING CORPORATION<br>210 North Industrial Park Drive<br>Hastings, MI 49058<br><br>and<br><br>SUPPLY NETWORK, INC. d/b/a<br>VIKING SUPPLYNET<br>2353 International Street<br>Columbus, Ohio 43228<br><br>Defendants | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Victaulic Company ("Victaulic"), by and through its undersigned counsel, avers as follows for its Complaint against defendants The Viking Corporation and Supply Network, Inc. d/b/a Viking SupplyNet (collectively, "Viking"):

### NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

### THE PARTIES

2. Victaulic is a New Jersey corporation with a principal place of business at 4901 Kesslersville Road, Easton, Northampton County, Pennsylvania 18040.

3. On information and belief, The Viking Corporation is a Michigan corporation with a principal place of business at 210 North Industrial Park Drive, Hastings, Michigan 49058.

4. On information and belief, Supply Network, Inc. d/b/a Viking SupplyNet is a Michigan corporation with a principal place of business at 2353 International Street, Columbus, Ohio 43228.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code, and, accordingly, jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1338(a).

6. This Court has personal jurisdiction over Viking, including because, on information and belief:

   a. Supply Network, Inc. d/b/a Viking SupplyNet has sold and offered to sell its products, including the infringing products (described below), in this district;

   b. Supply Network, Inc. d/b/a Viking SupplyNet has a service center which services its products, including the infringing products, in this district;

   c. Viking Corporation has induced and contributed to the sale and offer to sell of the infringing products in this district; and

   d. Viking Corporation and Supply Network, Inc. d/b/a Viking SupplyNet conduct business in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) - (c) and 1400(b).

## VICTAULIC'S PATENT

8.      United States Reissued Patent No. US RE45,399 E ("399 patent") was duly and legally issued by the United States Patent and Trademark Office on March 3, 2015 to Victaulic. A copy of the 399 patent is attached as Exhibit 1.

9.      Victaulic is the sole owner of the entire right, title and interest in and to the 399 patent and has the exclusive right to sue for infringement of the 399 patent.

## VIKING'S INFRINGING PRODUCTS

10.     Viking's flexible sprinkler connection Model Nos. FSC-25U and FSC-28B are illustrated and described in the brochures attached as Exhibits 2 and 3. Exhibits 2 and 3 also include pictures of Viking's flexible sprinkler connection Model Nos. FSC-25U and FSC-28B. When installed in accordance with Viking's instructions, those flexible sprinkler connections engage and retain flexible sprinkler drops in place in suspended ceilings. As shown in Exhibits 2 and 3, those flexible sprinkler connections include, *inter alia*, a square support bar, a center bracket, a center wing bolt, and two end brackets, each end bracket consisting of an outside bracket, an inside bracket, a side wing bolt and a top wing bolt. The center bracket includes two members pivotally attached to each other. When those members are in the open position, an outlet extension nipple can be inserted in the center bracket. One of the members can then be rotated to its closed position and secured in that position by the center wing bolt so that the center bracket engages and retains the outlet extension nipple.

## VIKING'S INFRINGEMENT OF THE 399 PATENT

11.     Viking has directly infringed the 399 patent, in violation of 35 U.S.C. § 271(a), including by importing, making, using, offering for sale and selling the Model Nos. FSC-25U

3

and FSC-28B flexible sprinkler connections and in the course of developing, testing, displaying and promoting those flexible sprinkler connections.

12.  Viking is inducing and contributing to infringement of the 399 patent, in violation of 35 U.S.C. § 271(b) and (c), including by selling the infringing flexible sprinkler connections to third parties and by inducing third parties to use those flexible sprinkler connections in a manner that infringes the 399 patent.  Third parties, when they use the infringing flexible sprinkler connections following the instructions provided by Viking, directly infringe claims of the 399 patent.  The infringing flexible sprinkler connections are a material part of the invention defined by the claims of the 399 patent and are not a staple article or commodity of commerce suitable for substantial noninfringing use.  Viking has sold and continues to sell the infringing flexible sprinkler connections knowing that they are especially adapted for use in an infringement of the 399 patent.  Viking Corporation is also inducing and contributing to the direct infringement of the 399 patent by Supply Network, Inc. d/b/a Viking SupplyNet, in violation of 35 U.S.C. § 271(b) and (c), by selling the infringing flexible sprinkler connections to Supply Network, Inc. d/b/a Viking SupplyNet and inducing Supply Network, Inc. d/b/a Viking SupplyNet to re-sell those infringing flexible sprinkler connections to third parties.

13.  Viking's infringement of the 399 patent has been and is willful.

14.  Viking's infringing activities have caused, and are continuing to cause, substantial damage to Victaulic in an amount to be proven at trial.

15.  On information and belief, Viking will continue to infringe the 399 patent unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Victaulic prays for judgment against Viking as follows:

A.   Adjudge and decree that Viking has directly and/or indirectly infringed one or more claims of the 399 patent;

B.   Preliminarily and permanently enjoin Viking, their officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from continuing to infringe the 399 patent;

C.   Order Viking to pay damages for their infringement of the 399 patent, together with interest and costs;

D.   Find that this is an exceptional case and order that the damages award be trebled pursuant to 35 U.S.C. § 284;

E.   Award Victaulic its attorneys' fees pursuant to 35 U.S.C. § 285 and/or any other applicable provision of law; and

F.   Award Victaulic such further relief as this Court deems just and proper.

## JURY DEMAND

Victaulic hereby demands, pursuant to Fed. R. Civ. P. 38, a trial by jury of all issues so triable.

Dated: September 18, 2015.

Respectfully submitted,

Robert R. Baron, Jr.
Marc S. Segal
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215-665-8500
Facsimile: 215-864-8999

Attorneys for Plaintiff Victaulic Company

Of Counsel:

Darle M. Short
OLIFF PLC
277 S. Washington Street, Suite 500
Alexandria, VA  22314
Telephone: 703-836-6400
Facsimile: 703-836-2787